Affirmed and Memorandum Opinion filed August 3, 2006








Affirmed
and Memorandum Opinion filed August 3, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00103-CR

____________

 

JESUS EGUIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd District
Court

Harris County, Texas

Trial Court Cause No.
1031452

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a plea of guilty, without an agreed recommendation as to punishment, to
indecency with a child.[1] On January
13, 2006, trial court sentenced appellant to confinement for two years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant
filed a pro se notice of appeal.








Appellant=s appointed counsel filed a brief in
which he concludes the appeal is wholly frivolous and without merit. The brief
meets the requirement of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396 (1967), presenting a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced.  See High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy
of counsel=s brief was delivered to appellant.  Appellant was advised of the right
to examine the appellate record and file a pro se response.  See Stafford v.
State, 813 S.W.2d 503, 510 (Tex. (Tex. Crim. App.1991).  As of this date,
more than sixty days has passed and no pro se response has been filed.

We have
carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit.  Further, we find no reversible error in
the record.  A discussion of the brief would add nothing to the jurisprudence
of the state.

Accordingly,
the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed August
3, 2006.

Panel consists of Chief Justice Hedges and Justices
Yates and Seymore. 

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  The record contains conflicting information about
whether a plea agreement existed.  This court  requested the trial court to
execute a corrected certification of the defendant=s right of appeal, and the court certified that no
plea bargain exists and appellant has the right to appeal.  See Tex. R. App. P. 25.2(a)(2).